UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BARBARA L. CRISP SUMNER,

    Plaintiff,

  v.

GARY MCCOMB, RIVER CITY
CONSTRUCTION and STEWART CHILDRESS,

    Defendants.

Case No. 09-cv-316-JPG

## **MEMORANDUM AND ORDER**

    This matter comes before the Court on plaintiff Barbara L. Crisp Sumner's motion for leave to proceed *in forma pauperis* (Doc. 2). Sumner has attempted to plead claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for sexual harassment, retaliation for complaining of sexual harassment and age, sex and race discrimination for her failing to be recalled to work after a layoff.

    A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

    The Court is satisfied from Sumner's affidavit that she is indigent. However, the Court

finds that her claims against defendants Gary McComb and Stewart Childress are frivolous. An individual is not an employer under Title VII and therefore cannot be liable under the statute. *Williams v. Banning*, 72 F.3d 552, 554-55 (7th Cir. 1995); *see Robinson v. Sappington*, 351 F.3d 317, 332 n. 9 (7th Cir. 2003). For this reason, the Court **DENIES in part** Sumner's motion for leave to proceed *in forma pauperis* (Doc. 2) to the extent that this action is against Gary McComb and Stewart Childress and **DISMISSES** all claims against those defendants. Those defendants are terminated from this action and the Clerk of Court is **DIRECTED** to enter judgment accordingly at the close of the case.

As to Sumner's claims against River City Construction, the Court does not find anything in the file to indicate that those claims are frivolous or malicious. Therefore, the Court **GRANTS in part** Sumner's motion for leave to proceed *in forma pauperis* (Doc. 2) to the extent that this action is against defendant River City Construction. The Court notes, however, that should it become apparent that the action is frivolous or malicious at any time in the future, it may reconsider this ruling, assess the full filing fee and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B).

The plaintiff having been granted leave to proceed *in forma pauperis* against River City Construction, the Court must order service of process by a United States marshal or deputy marshal or other specially appointed person. Fed. R. Civ. P. 4(c)(3).

If the plaintiff wishes the United States Marshal Service to serve process in this case, the Court **DIRECTS** the plaintiff to provide to the United States Marshal Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the

aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of summons, complaint and this order upon the defendant in any manner consistent with Federal Rule of Civil Procedure 4, as directed by the plaintiff. Costs of service shall be borne by the United States.

**IT IS SO ORDERED.**
**DATED: May 20, 2009**

                                    s/ J. Phil Gilbert
                                    **J. PHIL GILBERT**
                                    **DISTRICT JUDGE**