IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BARBARA L. CRISP SUMNER**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **09-316-JPG** |
| | ) | |
| **RIVER CITY CONSTRUCTION, LLC.**, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

**PROUD, Magistrate Judge:**

Before the Court is defendant River City Construction's motion to compel pro se plaintiff Barbara L. Crisp Sumner to: (1) make her initial disclosures, as required by Federal Rule of Civil Procedure 26(a); and (2) respond, without objection, to interrogatories, requests for production propounded on or about October 15, 2009. **(Doc. 27).** Plaintiff has not filed a response to the subject motion.

Recently, defendant submitted a settlement statement reflecting that all discovery has been completed; therefore, defendant's motion to compel may be moot. In any event, the motion is well taken.

Federal Rule of Civil Procedure 26(a) <u>requires</u> every litigant to:

**(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**(ii)** a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or

defenses, unless the use would be solely for impeachment;

**(iii)** a computation of each category of damages claimed by the disclosing party--
who must also make available for inspection and copying as under Rule 34 the
documents or other evidentiary material, unless privileged or protected from
disclosure, on which each computation is based, including materials bearing on
the nature and extent of injuries suffered; and

**(iv)** for inspection and copying as under Rule 34, any insurance agreement under
which an insurance business may be liable to satisfy all or part of a possible
judgment in the action or to indemnify or reimburse for payments made to satisfy
the judgment.

**Fed.R.Civ.P. 26(a)(1)(A).** Plaintiff <u>must</u> submit the required information to the defendants, if

she has not already done so.  If she does not posses or control any of the enumerated types of

information, plaintiff should so inform the defendants.

　　　　Having failed to object to defendant's interrogatories and requests for production,

plaintiff has waived any objections and <u>must</u> now answer and/or comply with those discovery

requests.  *See* **Fed.R.Civ.P. 33 and 34.**

　　　　Insofar as defendant River City seeks an award of costs and attorney's fees associated

with the filing of the subject motion, the Court is persuaded that plaintiff's failure to comply

with the Federal Rules of Civil Procedure and to properly participate in the discovery process is

attributable to her pro se status.  Therefore, the Court will not assess fees and costs at this

juncture.  However, in the event plaintiff does not comply with this order, fees and costs will be

assessed for the subject motion and any subsequent motions as appropriate, and plaintiff may

face additional sanctions, including the dismissal of her complaint due to her failure to

participate in the discovery process.

　　　　**IT IS THEREFORE ORDERED** that defendant River City Construction's motion to

compel (**Doc. 27**) is **GRANTED**.  On or before **June 28, 2010**, if she has not already done so, plaintiff shall make all of the disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A), and fully respond to and/or comply with all of defendant River City Construction's interrogatories and requests for production, which were propounded on or about October 15, 2009.

**IT IS SO ORDERED.**

**DATED: June 11, 2010**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**